# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PEDRO FLORES, SR.,

        Plaintiff,

   -vs-                                              Case No.   13-CV-1133

KENOSHA VISITING NURSE ASSOCIATION,

        Defendant.

## SCREENING ORDER

The plaintiff, who is confined at Kenosha County Detention Center, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*. He has been assessed and paid an initial partial filing fee of $9.45.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325

(1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

According to the complaint, on June 18, 2013, the plaintiff noticed itching and red bumps on his body. Kenosha County Detention Center (KCDC) medical staff told him it was a heat rash and gave him hydrocortisone cream for itching. There has been a scabies outbreak at KCDC and the plaintiff asserts that he contracted scabies.

Since June 18, 2013, the plaintiff has been suffering with itching, red bumps all over his body. KCDC nursing staff have given him hydrocortisone cream, triamcinolone

3

cream, permethrin cream, and prednisone pills for treatment. The treatment is not helping. The plaintiff advised medical staff but they stopped answering his medical slips. He alleges that he is suffering a lot.

The plaintiff claims that KCDC medical staff deliberately ignored his medical needs and misdiagnosed him. According to the plaintiff, staff is not treating him for scabies and his situation has worsened. For relief, he seeks monetary damages as well as an investigation into the scabies outbreak at the KCDC.

The plaintiff states a deliberate indifference to a serious medical need claim. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Fields v. Smith*, 653 F.3d 550, 554 (7th Cir. 2011); *see also Ciccone v. Sapp*, 238 Fed. Appx. 487, 490 (11th Cir. 2007) ("scabies could be deemed objectively serious"); *Dusenbery v. United States*, 208 Fed. Appx. 180, 182-83 (3d Cir. 2006) (defendant health care provider could be held liable for a violation of inmate's constitutional rights if he believed that the inmate had scabies and deliberately did not treat the disorder).

However, the Kenosha Visiting Nurse Association is not a suable defendant. If the plaintiff wants to proceed on a claim that his rights were violated pursuant to a policy or custom at KCDC, he should name Kenosha County as a defendant and also identify the policy or custom. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690-91 (1978) (in order to prevail against a county, the plaintiff would have to demonstrate that he suffered a deprivation of his constitutional rights based on some official policy, widespread

4

custom, or deliberate act of a county decision maker of the municipality or department). In addition, if the plaintiff wants to proceed against individual KCDC staff members, he must name the staff members as defendants and allege how they were personally involved in his claim. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir.2009) (Section 1983 makes public employees liable "for their own misdeeds but not for anyone else's."); *see also George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

If the plaintiff wants to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. Such amended complaint must be filed on or before **May 19, 2014**. Failure to file an amended complaint within this time period may result in dismissal of this action.

The plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket # 2) be and hereby is **granted**.

**IT IS FURTHER ORDERED** that on or before **May 19, 2014**, the plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the Kenosha County Sheriff or his designee shall collect from the plaintiff's prisoner trust account the $340.55 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the Kenosha County Sheriff and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable Rudolph T. Randa
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It

will only delay the processing of the matter.

Dated at Milwaukee, Wisconsin, this 22nd day of April, 2014.

**SO ORDERED,**

_____
**HON. RUDOLPH T. RANDA**
**U. S. District Judge**