# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**PEDRO FLORES,**

Plaintiff,

**-vs-**                                          **Case No. 13-CV-1133**

**KENOSHA COUNTY, et al.,**

Defendants.

---

# DECISION AND ORDER

---

On January 5, 2015, the Court ordered that this case would be dismissed for lack of prosecution effective February 6, 2015, unless prior to that date the plaintiff responded to the defendants' motions for summary judgment or established good cause for his failure to respond. On February 6, 2015, the plaintiff filed a motion for extension of time to complete discovery and respond to the defendants' motions for summary judgment. The defendants did not file any response(s) to the plaintiff's motion.

In his motion, the plaintiff seeks an extension of time because he was in segregation for a period of time and did not have access to his legal materials, and because his legal documents were misplaced due to his November 2014, transfer to another institution. The plaintiff further

states that he does not understand the summary judgment process and another inmate is willing to help him but the inmate needs more time. According to the plaintiff, additional time will permit the inmate assisting him to seek discovery and respond to the defendants' motions. Based on the plaintiff's February 6, 2015, motion, this case is not subject to dismissal for failure to prosecute.

However, on March 23, 2015, the plaintiff filed a motion to grant the defendants' motions for summary judgment without prejudice because the plaintiff failed to exhaust administrative remedies. He states that he did not complete the Kenosha County Jail's administrative grievance procedure because, based on his limited English language skills, he did not understand the procedure. The plaintiff requests that the Court grant summary judgment without prejudice which will allow the plaintiff to refile his case after completing the exhaustion of administrative remedies, if he chooses to do so.

The defendants oppose dismissal of the case without prejudice. They contend that the Court should address their arguments on the merits of the plaintiff's Eighth Amendment claim, grant their motions for

summary judgment, and dismiss this case with prejudice.[1]

Exhaustion is a condition precedent to filing a claim in federal court, so the inmate must exhaust before he commences his federal litigation. *See Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004); *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002); *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). If the inmate fails to exhaust before filing suit in federal court, the district court must dismiss the suit (or dismiss any claims not fully exhausted). *See Jones v. Bock*, 549 U.S. 199, 223 (2007); *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005).

Here, the plaintiff concedes that he did not exhaust his administrative remedies. Hence, this action is subject to dismissal. Exhaustion-based dismissals are made without prejudice. *Id.* at 285 (citing *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) ("Dismissal for failure to exhaust is without prejudice . . ."), and *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("all dismissals under §

---

[1] Defendants Hallisy, Hansche, Keisher, Kenosha County, Parker, and Rawson's summary judgment motion contends that the plaintiff failed to exhaust his administrative remedies. They also seek dismissal of the plaintiff's claim on the merits. Defendant Mrs. Rebecca (Rebecca Swenson) filed a separate motion for summary judgment. She does not seek dismissal on exhaustion grounds but rather contends that the plaintiff's claim should be dismissed because his skin condition did not present a serious medical need and because there is no evidence that Swenson acted with deliberate indifference.

- 3 -

1997e(a) should be without prejudice")).

NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT this case is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

Dated at Milwaukee, Wisconsin, this 1st day of June, 2015.


BY THE COURT:

HON. RUDOLPH T. RANDA
U.S. District Judge